UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SNYDERS HEART VALVE LLC,

        Plaintiff,

v.

ST. JUDE MEDICAL S.C. INC., ST. JUDE MEDICAL, CARDIOLOGY DIVISION INC., and ST. JUDE MEDICAL, LLC,

        Defendants.

No. 18-2030 (JRT/DTS)

MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION REGARDING THE REVIVED PATENT CLAIMS AND DENYING DEFENDANTS' MOTION TO STAY

---

Matthew J. Antonelli, Zachariah S. Harrington, and Larry D. Thompson, Jr., **ANTONELLI, HARRINGTON & THOMPSON LLP**, 4306 Yoakum Boulevard, Suite 450, Houston, TX 77006; J. Ashwin Madia, **MADIA LAW LLC**, 323 Washington Avenue North, Suite 200, Minneapolis, MN 55401, for plaintiff.

Bryan S. Hales, Jay Emerick, and Kristina Hendricks, **KIRKLAND & ELLIS LLP**, 300 North LaSalle, Suite 2400, Chicago, IL 60654; Joseph W. Winkels, **CARLSON CASPERS**, 225 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for defendants.

Plaintiff Snyders Heart Valve LLC ("Snyders") and Defendants St. Jude Medical S.C., Inc., St. Jude Medical, Cardiology Division Inc., and St. Jude Medical, LLC (collectively, "St. Jude") dispute whether Snyders has waived its right to assert seven patent claims that have been revived by the Federal Circuit on appeal of an inter partes review ("IPR") by the Patent Trial and Appeals Board ("PTAB"). If the Court finds that Snyders has waived the claims, St. Jude asks the Court to stay the proceedings pending remand of the IPR to the PTAB and any resulting appeals.

Because Snyders conditionally offered to abandon the claims at issue only if the case was able to go to trial without delay, a condition which was not met, and did not otherwise clearly and unequivocally waive its right to assert the revived claims, the Court finds that Snyders did not waive these claims and will permit Snyders to reassert them. Further, the Court will deny St. Jude's Motion because staying the proceedings would not significantly simplify the case, the case is at an advanced stage of litigation, and there is a risk of prejudice to Snyders from further delay.

## BACKGROUND

This matter has been in proceedings since 2016, when Snyders filed a Complaint for patent infringement against St. Jude in the Eastern District of Texas, (Compl., Oct. 25, 2016, Docket No. 11.), before the case was transferred to this Court following a change in venue rules for patent infringement cases, *see Snyders Heart Valve LLC v. St. Jude Medical S.C.*, No. 16-00812, 2018 WL 3099709 (E.D. Tex. June 25, 2018). Snyders asserts that St. Jude is infringing two patents, U.S. Patent No. 6,821,297 ("the '297 Patent") and U.S. Patent No. 6,540,782 ("the '782 Patent"), which both relate to devices for artificial heart valves. (*See* Am. Compl. ¶¶ 18–37, Jan. 18, 2017, Docket No. 22.)

On October 23, 2017, St. Jude filed four IPR petitions challenging the patentability of the asserted claims. (*See* Decl. Matthew J. Antonelli ("Antonelli Decl.") ¶¶ 1–4, July 15, 2019, Docket No. 412.) In September 2018, St. Jude moved for a stay of proceedings pending final resolution of the IPR petitions, including any appeals. (Defs.' Mot. Stay,

Sept. 7, 2018, Docket No. 360).  On November 20, 2018, the Court granted St. Jude's motion in part and denied it in part, staying proceedings until the PTAB issued its decisions, but declining to stay proceedings through appeals to the Federal Circuit.  (Order Mot. Stay at 8, Nov. 20, 2018, Docket No. 382.)

The PTAB issued its final written decisions in the IPR proceedings on May 2, 2019, concluding that claims 1, 2, 6, and 8 of the '782 Patent were unpatentable and that claims 1–3, 8–9, 22–23, 31–35, 37–39, and 45 of the '297 Patent were unpatentable.  (*See* Antonelli Decl. ¶¶ 5–8, July 15, 2019, Docket No. 412.)  The parties then met and filed a Rule 26(f) report in which St. Jude requested a stay of proceedings through appeal of the IPRs, and Snyders stated that it would be willing to proceed only on the confirmed claims and drop the four invalidated claims of the '782 Patent and the three invalidated claims of the '297 Patent in order to expedite trial.  (Rule 26(f) Report at 6, 10, June 4, 2019, Docket No. 393.)  Rather than proceeding to trial, St. Jude filed a motion to stay two days after the parties submitted the status report, (Mot. Stay, June 6, 2019, Docket No. 394), and the parties then filed cross-appeals of the PTAB decisions to the Federal Circuit, (*see* 2nd Decl. Matthew J. Antonelli ("2nd Antonelli Decl.") ¶ 25, Ex. 25 ("Mot. Stay Tr.") at 3:20–23, Oct. 30, 2020, Docket No. 680-26.)

On July 19, 2019, the parties filed another status report at the request of the Court, in which they outlined the procedural history of the case (the "Joint Memo").  (Joint Procedural History Mem. ("Joint Memo"), July 19, 2019, Docket No. 425.)  In the Joint

Memo, the parties described the current status of the asserted claims: "The claims currently remaining in the litigation are claims 4, 5, 7, 10-13, 18, 19, 21, 22, 25, 28, and 29 of the '782 Patent. There are no claims remaining for the '297 Patent." (*Id.* at 5.)

After a hearing, the Court denied St. Jude's motion to stay pending the IPR appeals in large part, but not entirely. (Tr. Oral Ruling at 4:15–16, July 26, 2019, Docket No. 433.) Specifically, the Court denied the stay as it related to all pretrial matters but issued a stay of a trial itself until after the Federal Circuit ruled on the parties' cross-appeals of the IPRs. (*Id.* at 4:17–5:3.)

Since the Court permitted pretrial matters to continue, the Court proceeded with claim construction briefing and argument, and issued an Order on March 25, 2020 addressing remaining claim construction issues and granting Snyders' motion for partial summary, finding that some of St. Jude's defenses were precluded. *See Snyders Heart Valve LLC v. St. Jude Medical*, No. 18-2030, 2020 WL 1445835, at *8 (D. Minn. Mar. 25, 2020). In the March 25 Order, the Court also gave the parties 14 days to notify the Court whether it should grant a previously filed joint motion for partial summary judgment based on the claim construction order issued by the Texas court in which Snyders conceded that St. Jude did not infringe a substantial set of the asserted claims of the '297 Patent and several claims of the '782 Patent. *Id.* at *9; (Joint Mot. Summ. J., Mar. 6, 2018, Docket No. 315; *id.*, Ex. 1, Mar. 6, 2018, Docket No. 315-1.) The parties did not respond,

-4-

and the Court granted the joint motion on April 20, 2020. (Order Granting Joint Mot. Partial Summ. J., Apr. 20, 2020, Docket No. 508.)

On September 19, 2020, the Federal Circuit reversed and remanded the PTAB's invalidation of the claims of the '297 Patent based on its finding that the Administrative Patent Judges who decided the IPR were unconstitutionally appointed, as set forth in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019). *See Snyders Heart Valve LLC v. St. Jude Medical*, LLC, 825 Fed. App'x 888, 890 (Fed. Cir. 2020). About a month later, on October 25, 2020, the Federal Circuit reversed the PTAB's invalidation of claims 1, 2, 6, and 8 of the '782 Patent on the merits, but otherwise affirmed the PTAB's finding of nonpatentability. *See St. Jude Medical, LLC v. Snyders Heart Valve LLC*, 977 F.3d 1232, 1235 (Fed. Cir. 2020). After the Federal Circuit issued its decisions, the parties conferred, and St. Jude took the position that Snyders had waived its right to enforce the now-revived patent claims. (*See* Letter to Magistrate Judge, Sept. 14, 2020, Docket No. 621.)

Snyders now seeks to assert the seven revived claims and has filed a motion asking the Court to clarify that it may do so. (Pl.'s Mot. Regarding Revived Patent Claims, Oct. 30, 2020, Docket No. 677.) In addition to opposing Snyders' Motion, St. Jude has filed a Motion to Stay Proceedings, requesting that, if the Court finds that Snyders may assert the seven revived claims, the Court should stay proceedings pending resolution of the '297 Patent on remand to the PTAB and any appeals to the Federal Circuit. (Defs.' Mot. Stay, Oct. 30, 2020, Docket No. 683.)

**DISCUSSION**

**I.      SNYDERS' MOTION REGARDING THE REVIVED PATENT CLAIMS**

Snyders asks the Court to review the prior course of proceedings and clarify that Snyders has not waived its right to assert the seven now-revived claims. Snyders argues that it did not forever abandon its right to enforce those claims because it offered to give them up in return for St. Jude's agreement to proceed to trial on the confirmed claims without waiting for the Federal Circuit to review the IPR appeals, a condition which did not occur, and because previously in this case Snyders abandoned claims through a formal motion, which it has not filed here. St. Jude contends that Snyders outright dropped the claims to improve its position in opposing St. Jude's motion to stay following the IPR decisions. Moreover, St. Jude contends that any purported conditions were satisfied, since the Court denied St. Jude's motion to stay in large part, and the case proceeded toward trial.

As an initial matter, claims can be abandoned without a formal motion, court order, or stipulation. *See SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012). As such, the absence of such a motion does not resolve the dispute. Rather, the Court will examine the parties' and the Court's prior treatment of the now-revived claims to determine whether there was a clear and unequivocal waiver, such that Snyders cannot re-assert the revived claims. *See* 28 Am. Jur. 2d, Estoppel and Waiver § 183 (Feb. 2021).

First, after the PTAB issued its IPR decisions invalidating the seven claims, in May 2019, Snyders offered in emails and in open court to file a "covenant not to sue on the 7 cancelled claims **if** [St. Jude] agreed to proceed to trial and give up [its] bid for a stay pending appeal," and if St. Jude did not appeal, neither would Snyders. (2nd Antonelli Decl. ¶ 18, Ex. 18.1 at 2, Oct. 30, 2020, Docket No. 680-18 (emphasis added).) In other words, Snyders's offer was conditioned on St. Jude not pursuing a stay pending appeal of the PTAB decision to the Federal Circuit, and the Court does not find that this constitutes outright waiver of those claims. Because St. Jude appealed the IPR decision, the condition was not satisfied.

Second, in the parties' June 2019 Rule 26(f) Report, Snyders stated that, "to expedite trial, Snyders would be willing to proceed on only the confirmed claims." (Rule 26(f) Report at 6.) Later that month, during the pretrial scheduling conference, Snyders's counsel reiterated its offer to the Court, stating "I will give up those claims *if* we can proceed to trial in this case on the allowed claims," going on to say, "[e]ven if we both appeal, I'm still willing to give up those claims that we're appealing **if** we can get to trial." (Tr. Pretrial Scheduling Conference, at 11:10–16, July 18, 2019, Docket 422 (emphasis added).) Here, too, Snyders' offer to drop the seven claims was conditional, and thus does not amount to outright waiver of the claims.

Third, the Court's ruling on St. Jude's motion to stay pending appeal to the Federal Circuit, which permitted pretrial proceedings to continue but stayed a trial pending

-7-

resolution of the Federal Circuit appeals, did not result in acceptance of Snyders's conditional offer to withdraw the seven disputed claims. At the hearing during which the Court announced its decision, St. Jude asked for clarification about the status of the seven claims and stated that it would "do what is required by the Court and follow obviously what the premise of the Court's decision was." (Oral Ruling on Defendants' Motion to Stay, at 14:4–6.) The Court clarified that its "premise was primarily, frankly, that the plaintiffs were not likely to succeed even if they continued with their appeal, not that [Snyders was] required to provide a covenant not to sue on those claims." (*Id.* at 14:10–15.) Yet the Court went on to say that it "would encourage [Snyders] to provide a covenant not to sue" for the benefit of the parties because the Court was persuaded that St. Jude was overwhelmingly likely to prevail on appeal. (*Id.* at 14:15–21.) However, the Court's encouragement, without Snyders taking the step of filing the covenant, does not result in waiver of the claims. At most, these statements are ambiguous, and thus do not support a finding of waiver.

Thereafter, the Court requested that the parties file the Joint Memo, which St. Jude argues confirms that the claims were waived, since it stated, in relevant part, "There are no claims remaining for the '297 Patent," thus showing that Snyders agreed that it had abandoned the claims on appeal to the Federal Circuit. (Joint Memo at 5.) Snyders maintains that the Joint Memo was only intended to and, in fact, only did state the current status of the claims, not the perpetual status. Further, in the March 25 Order, the Court

stated, "[a]s a result of the Texas court's claim construction and the PTAB decisions, the parties agreed that all of Snyders' infringement claims relating to the '297 Patent were extinguished and only infringement claims relating to the '782 Patent remained." *Snyders*, 2020 WL 1445835, at *3. However, taken in context, the Court did not analyze the remaining claims and conclude that the claims were extinguished. Rather, this statement comes in the Background portion of the Court's order and is taken directly from the parties' Joint Procedural History Memorandum. In the Court's view, these statements more likely indicate the status of claims at one moment in time—when the Joint Memo was drafted—rather than the status of claims for the remainder of the litigation. These statements are again, at most, ambiguous as to whether Snyders waived its right to assert the seven now-revived claims, and the Court will not rely on imprecise statements to conclude that Snyders waived these claims.

Taken together, the Court finds that none of Snyders's representations amount to clear and unequivocal waiver, either individually or in combination. Moreover, the conditions of Snyders's offers to abandon the claims were never met. Although it could be said that the case proceeded toward trial, it did not proceed to trial, and no trial could have occurred absent modification of the Court's decision on St. Jude's motion to stay pending appeal to the Federal Circuit. Accordingly, the Court will grant Snyders's Motion and permit it to reassert the revived claims.

## II.     ST. JUDE'S MOTION TO STAY

Because the Court concludes that Snyders has not waived its right to assert the seven revived patent claims, the Court will also consider St. Jude's Motion to Stay Proceedings pending final resolution, including all appeals, of the remanded IPR of the '297 Patent.  The Court has the inherent power to stay proceedings to control its docket, to conserve judicial resources, and to ensure that each matter is handled efficiently, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), including the power to stay proceedings pending review of patent claims in an IPR by the PTAB, *Polaris Indus., Inc. v. BRP U.S. Inc.*, No. 12-01405, 2012 WL 5331227, at *1 (D. Minn. Oct. 29, 2012) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).  When evaluating a request to stay litigation pending an IPR decision, district courts generally consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues; and (3) whether discovery is complete, and a trial date is set."  *Skky, Inc. v. Manwin USA, Inc.*, No. 13-2085, 2014 WL 12527215, at *2 (D. Minn. Oct. 29, 2014).

First, in evaluating the factor of undue prejudice or clear tactical disadvantage, courts may consider whether the moving party delayed seeking inter partes review, used dilatory tactics, or demonstrated bad faith; whether a stay will do nothing but delay the proceedings; or whether monetary damages would not sufficiently compensate a plaintiff for the alleged infringement.  *See Polaris Indus.*, 2012 WL 5331227, at *2.  Although

-10-

Snyders is a non-practicing entity and does not produce or sell any products itself, and therefore could be fully compensated by monetary damages, Dr. Snyders, the inventor of the patents-in-suit, is elderly and in poor health.  The loss of Dr. Snyders's testimony could be prejudicial and a stay pending resolution of the IPRs would likely be lengthy.[1]  Additionally, the parties each point a finger at the other for prolonging the proceedings, but the Court observes that each party has made strategic decisions resulting in delay.  As such, the Court finds that the prejudice factor is either neutral or leans slightly in Snyders's favor.

Second, as to simplification, of the 21 asserted claims in this infringement action, the patentability of 18 has been upheld by the PTAB and is not subject to further IPR proceedings.  Only three claims of the '297 Patent remain at issue in the remanded IPR.  Staying the proceedings pending the outcome on remand at the PTAB of only 3 out of 21 claims, less than 15% of the claims at issue, will likely not significantly simplify the issues in this action.[2]  While there might be some efficiencies gained through not litigating claims now that might later be invalidated by the PTAB, because the outcome of three claims on

---

[1] The PTAB has itself stayed remand proceedings pending the Supreme Court's decision in *Arthrex Inc. v. Smith & Nephew Inc.*, No. 19-1458 (argued March 1, 2021). (*See* 3rd Decl. Matthew Antonelli ¶ 25, Ex. 25, Nov. 27, 2020, Docket No. 691-25.)

[2] *See e.g.*, *Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 349 (D. Del. 2016) (concluding that the outcome of an IPR addressing 13 of 43 asserted claims would not significantly simplify the action); *St. Lawrence Comm. LLC v. ZTE Corp.*, No. 15-349, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) (same for 6 of 38 claims)*.*

remand is such a small portion of the overall case and the case has been languishing for so long, the Court finds that the simplification factor weighs against a stay.

Lastly, the stage of the proceedings also weighs against a stay. Discovery is complete, two claim construction hearings have been held, expert reports are filed, and *Daubert* motions and summary judgment motions are fully briefed. The case is much more advanced now than it was when the Court granted St. Jude's motion for a stay in 2018, and the Court has much greater familiarity with the case.

In sum, because of the relatively few claims remaining on remand at the PTAB, the late stage of litigation, and the possibility of prejudice to Snyders, the Court finds that a stay is not warranted and will deny St. Jude's Motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion Regarding the Revived Patent Claims [Docket No. 677] is **GRANTED** and Defendants' Motion to Stay [Docket No. 683] is **DENIED**.

DATED: March, 19, 2021　　　　　　　　　　　　　　　　　*John R. Tunheim*
at Minneapolis, Minnesota.　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　United States District Court